# MEMORANDA

# CASES NOT REPORTED IN FULL.

ALFRED A. FREEMAN, Executor, etc., Appellant, *v.*
  HARRIET A. COIT and FLORENCE A . FREEMAN,
  Respondents.

*Parent and child — when a father may charge the costs of maintaining his child to the
latter's estate — A husband may charge the funeral expenses of his wife to her
separate estate, but not the charges for medical attendance during her last sickness —
Allowances by surrogates — abuse of the power.*

APPEAL from a decree of the surrogate of the county of New
York.

The court at General Term said : " The decree was entered
upon the settlement of the accounts of the appellant, as the acting
executor of the estate of his wife, Sarah A. Freeman, and
it is objected to as erroneous, by each of the parties to the account-
ing. But while the respondents have not appealed from it, they
are still at liberty to specify any items in the account as to which
they believe the decree to be erroneous against them.

" This is allowed by Rule 51 of the Supreme Court rules, which
was in force at the time when this appeal was taken, and the pro-
vision made by it upon this subject is sufficiently broad to provide
all the means of correction required in the disposition of this ap-
peal. And a like authority, although not so specific in its terms,
has also been provided by section 2587 of the Code of Civil Pro-
cedure.

" The will of the testatrix was executed by her on the 23d of
December, 1873, and she died on the 23d day of December, in
the year 1876. After providing for the payment of four lega-
cies, she devised and bequeathed two-thirds of her real and
personal estate to her executors, to be invested on bond and mort-

gage, in trust, to pay to and for the support, maintenance, and education of such child, or children, as she should leave surviving her, the income thereof; and to pay the principal with all its accumulations to such child or children, when the child or children respectively attain the age of twenty-one years. At the time of her decease she left but one child, who was born in the year 1875, and is the infant respondent in this appeal. She seems to have been a person of delicate health, requiring an unusual degree of care and attention, and her father, who is the appealing executor, charged in his account for her support and maintenance the sum of $2,500. The first item of $1,000 was charged for this purpose to November 1st, 1877; the second for a like amount, to the same date in 1878, and the third, being the sum of $500 in April, 1879. The fact of the expenditure of these sums, in and about the care and attention given to this infant child, does not appear to have been disputed upon the hearing, but their allowance was resisted, and they were rejected by the surrogate, for the reason that he, as the father of the infant, was himself bound to support, provide for and maintain her. And such, undoubtedly, is the general rule of law upon this subject. But no authority has been found, neither has any been cited, requiring this principle to be so stringently applied as to exclude the right to apply the income of the infant's estate to this purpose, when that has been provided for in such terms as were employed by the testatrix, the mother of the infant, in her will. It is not necessary to refer to the authorities in detail, which have been relied upon to justify the ruling made by the surrogate, under which these items were excluded from this executor's account, for in neither one of them, nor by the general rule existing upon the subject, has the right to apply such income when so directed, to the support and maintenance of the infant, been denied. The general rule has been stated to be that, 'the father is bound to support his minor children if he be of ability, even though they have property of their own.' (2 Kent Com. [7th ed.], 182; Smith v. Geortner, 40 How., 185; Matter of Kane, 2 Barb. Ch., 375; Matter of Burke, 4 Sandf. Ch., 617.)

"But in the present instance the intention of the testatrix, that the child surviving her should receive the immediate and continued benefit of the income of her two-thirds of the estate, has been

clearly expressed in the will, and that intention, by the statute, as well as the general principle of law applicable to wills, is required to be observed and carried into effect. Her direction was positive that the income of this two-thirds should be devoted to the support, maintenance and education of the child, and under this decided and unequivocal direction her father, as executor, was clearly authorized to make that disposition of the income of this portion of the estate, so far as it was required for this purpose. An authority of this nature has been derived from similar clauses contained in marriage settlements and ante-nuptial agreements. (*Ransome* v. *Burgess,* L. R., 3 Eq., 773; *Stocken* v. *Stocken,* 4 Simons, 152; *Meacher* v. *Young,* 2 Mylne & K., 490.)

"It is true that this authority in these cases has been derived from the fact of a contract having been made upon the subject, but no greater effect can reasonably be attributable to such terms when they may be employed in such an instrument, than should be given to them when the same unequivocal use has been made of them in a will. And this view has finally been adopted in England, where, by chapter 145, section 26 of 23 and 24 Victoria, the law has been so changed that in all cases income of this nature may be applied to the maintenance and education of the infant. The reason of the rule includes all cases alike, where such a provision has been made, and under the statute of this State requiring the intention of the person making the will to be carried into effect, the principle may properly be made as extended as this in the administration of the laws of this State. (2 R. S. [6th. ed.], 1130, § 2.)

"The amount paid out by the father of the infant, for her support, care and maintenance, was certainly large, she being at the time only in her second, third and fourth years; but as the circumstances concerning her health have been disclosed, and the care required to be devoted to its preservation and improvement, the expenditures cannot be said to exceed what in good faith might have been devoted to the promotion of these objects. The evidence as it was given will bear the construction that the father was not culpably extravagant, although he may not have been frugally careful in the amount expended for this purpose. Certainly, as the infant advances in age, a stricter accountability will be required from him in the disposition of the income of her property, but under the cir-

cumstances as they have been presented, the expenditure which he made, and amounting in all to the sum of $2,500, should have been allowed by the surrogate.    *   *   *

" Charges were made by the appealing executor for expenditures made as funeral expenses attending the decease and burial of his wife. These were in part allowed and in part disallowed by the surrogate. Both parties have complained of the decision made by him upon this subject, and it has been claimed that the husband was bound to defray the expenditures required for the burial of his wife, and that certainly is the general rule prevailing upon this subject. But as it has been acted upon in this State, where the expenditures have been made by the husband, and the deceased wife has left a separate estate owned by her, he has been allowed to reimburse himself from such estate. (*Patterson* v. *Patterson*, 59 N. Y., 574; *McCue* v. *Garvey*, 14 Hun, 526.)

" The latter case was a determination upon the precise point by the General Term of the second department; but the surrogate, not being satisfied with the reasoning supporting it, declined to follow it. That, however, was not a sufficient justification for rejecting so much of these charges as was disallowed. It was the determination of an appellate tribunal having authority over such an adjudication, and, to some extent certainly, it was supported by the decision of the Court of Appeals in the preceding case, and it should consequently have been followed in the disposition of the controversy relating to this part of the accounting. Not only the bill of the undertaker, which was allowed, should be retained, but in addition to that the residue, amounting to the sum of fifty-two dollars and fifty cents, should have been allowed in the accounting.

" The distinction between these charges and those for medical services during the last illness of the deceased is not very decided, but still it exists, for the husband was bound to provide his wife with what became necessary for her and was suitable for her station and his condition in life. (2 Kent Com. [7th ed.], 128.) And the charges for these medical services were clearly within this principle. They were made to him and paid by him, and were properly disallowed and rejected as parts of his account.    *   *   *

" But on the affirmance no costs should be allowed to either of the parties, because of the large allowances made to them by the surro-

gate out of this small estate. This practice of subjecting estates, as well as the parties to other litigations, to the payment of large allowances has been carried to such an extent as to require the condemnation of the courts. It is unjust to the parties entitled to participate in the distribution of the property committed to the administration of the law, and it is oppressive and burdensome to those engaged in the settlement of honest differences and disputes concerning their rights to property or the protection or security of their persons.

" The manner in which the discretion created over this subject by the statutes of the State has been exercised has become a just subject of reproach, and where it can be arrested and restrained within the proper bounds designated by the language of the statute, by an appellate tribunal, it should uniformly be done. But as no appeal has been taken from this portion of the decree, this court has no power to interfere with these particular allowances further than to withhold any additions by the way of costs, as that has been already directed."

*Charles M. Hall* and *William D. Foulke*, for the appellant.

*J. E. Dana*, for the respondent, H. A. Coit.

*A. H. Stoiber*, for guardian of Florence A. Freeman, respondent.

Opinion by DANIELS, J. ; DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Decree modified as directed by opinion, and affirmed as modified, without costs to either party.